### Second District Court of Paterson.

MORRIS PLAN COMPANY OF NEW YORK, PLAINTIFF, v.
CECIL SPENCER ASHDOWN, DEFENDANT.

Decided February 6, 1937.

For the petitioner, *Max Weberman* and *Milton Shamach*.

For the respondent, *pro se, Louis Ogust*.

VANNAMAN, Acting Judge.     Petitioner is a sergeant-at-arms of the Second District Court of Paterson.  Respondent is the attorney for the Morris Plan Company of New York, plaintiff, in a suit against Cecil Spencer Ashdown, defendant. On April 26th, 1934, judgment was entered against the defendant for $472.86 and costs.  Pursuant to the judgment and on June 29th, 1934, a garnishment was issued directed against the wages of the defendant in the hands of his employer, the Haberland Manufacturing Company.  Upon levying the wage execution it was learned that the said employer had been served previously with another garnishment against the wages of the defendant and therefore no payments were to be made until the prior judgment was discharged.  Before the plaintiff's levy became operative the defendant discontinued in the employ of the garnishee.

On January 20th, 1935, the defendant sent the respondent the following letter (*Exhibit D-2*):

"I wish to advise you that I am no longer in the employ of the Haberland Mfg. Co., Inc., of Alwood, N. J.

It is my impression that the prior garnishee against my salary has been almost completely satisfied but, I am making a check on this.

My present connection is with H. B. Richardson & Co., Certified Public Accountants, 131 Pennington Avenue, Passaic, N. J. My salary is $35.00 per week. Since your judgment will be the only one outstanding against me, I would appreciate your doing me the courtesy of permitting me to remit direct to you the sum of $14.00 every four weeks. It would save me some embarrassment if you do not serve your garnishee on my present connection.

If the arrangement as suggested is satisfactory to you will you please advise me."

On August 24th, 1936, the respondent sent the defendant the following letter (*Exhibit P-1*) :

"The amount of the judgment against you, together with costs, is $513.15, on which there is due interest of $52.50 together with the dollarage of the Constable on the garnishee execution of $25.00, making a total of $591.01.

I have received from you, including payment received to-day, $287.00, leaving a balance of $304.01 together with additional interest on the judgment."

Thereafter negotiations were had between the respondent and the defendant for a lump sum settlement. During the negotiations the respondent advised the defendant's counsel as follows (*Exhibit P-6*) :

"Replying to your letter of October 7th, please be advised that the balance due on this judgment is $304.00, which includes interest to date, supplementary proceedings costs and Constable's fees on garnishee, etc."

Finally on November 16th, 1936, the balance due ($304.00) was settled for $275.00.

Throughout the negotiations the fee of the constable was included as an item in the computations for arriving at a settlement. I find, as a matter of fact, that the settlement included the constable's fee.

The petitioner seeks to recover the dollarage fee. The respondent contends that the petitioner is not entitled to recover because (1) the garnishment never became effective,

(2) the petitioner never collected any money, (3) the garnishment became ineffective before the settlement was made.

A constable in the District Court is entitled to five per cent. "on every dollar collected on execution or any order." District Court act, section 216. 2 *Comp. Stat., p.* 2019. A sergeant-at-arms has "all the rights, privileges, powers and duties of a constable." District Court act, section 11. 2 *Comp. Stat., p.* 1956, § 11. An execution out of the District Court remains in force for one year from the date of its issuance. District Court act, section 195. 2 *Comp. Stat., p.* 2010, § 195. Wage executions, however, become a continuing levy "until said execution and the expenses are fully satisfied." District Court act, section 201. 2 *Comp. Stat., p.* 2911, § 201.

The plaintiff had control of the garnishment proceedings and if he so desired he might have had them dismissed. 28 *Corp. Jur.* 366, § 583. In the case at hand a valid and effective levy against the wages of the defendant was made by the petitioner; only its operation was suspended by virtue of a prior execution.

In *Sturges* v. *Lackawanna, &c.,* 27 *N. J. L.* 424 (at *p.* 426), the court held:

"Having taken the necessary measures to levy upon and secure the property, it would be unjust to deprive him of all compensation.

"The service and risk are put upon the sheriff, for his own benefit, and the statute has provided for his compensation.

"It is of no consequence to the sheriff how the matter is arranged between the plaintiff and the defendant. If anything is done between them, by which a sale is rendered unnecessary, that must be considered a settlement within the meaning of the act. The execution is then settled without a sale; its operation is suspended by the act of the parties; the sheriff can proceed upon it no further, unless it may be to make his own costs; and he becomes entitled to the allowance provided by the statute."

In *Daly* v. *Ely,* 53 *N. J. Eq.* 270; 31 *Atl. Rep.* 396, in an opinion by Vice-Chancellor Pitney, it was held (at *p.* 274):

"The property in this case was duly and fully advertised for sale; but as soon as the defendant heard of the advertisement

he appeared at the sheriff's office and paid the execution, thereby stopping the sale; and he now contends that although the sheriff has done all the work required by the statute to be done in the way of advertising in order to earn the fee of $3.50, he is yet not entitled to receive it unless, in point of fact, he does actually attend in person or by deputy in pursuance of the advertisement.

"I do not think that construction is the proper and fair one. The proviso was intended to prevent the sheriff from charging the fee where he advertises and then of his own accord voluntarily abandons the sale and pays no attention to it. It ought not to be construed as giving the defendant the power to permit the sheriff to incur the labor and trouble of advertising, and then come in and pay the debt and thereby prevent the sheriff from receiving the fee given by the statute. Such construction ought not to be adopted unless it is unavoidable.

"I think the sheriff is entitled to that fee."

Under Sheriffs and Constables, 57 *Corp. Jur.* 1108, § 1145, the author says that:

"The sheriff is not entitled to any commissions on money paid to a judgment creditor before execution is issued; and even after execution is issued payment to, or settlement or compromise with the execution creditor before the execution is served or levied defeats the sheriff's right to commissions. Except in some jurisdictions, however, if a debt is compromised or settled between the parties after the levy of an execution the sheriff is entitled to his fees or commissions, and in order to make the same he may sell so much as is necessary of the property levied on. The general rule in such cases is that the sheriff shall receive the same compensation as though the service begun had been actually consummated. So, also, where the debt is settled between the parties after the service or levy of an attachment, the sheriff is entitled to commissions at the rate allowed on executions, on the value of the property attached * * *. In order to entitle the sheriff to compensation on the ground that the debt has been settled, although the money has not passed through his hands, it is necessary that the debt should be paid by or for defendant.

Where the amount of an execution is paid by the debtor to the execution plaintiff after the return day of the writ, the sheriff is not entitled to commissions, the money not being made by him.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"Statutory Fees For Services Rendered. A settlement between the parties cannot deprive the sheriff of his right to the statutory fees for the services actually rendered by him."

And in that same work, 57 Corp. Jur. 1117, § 1167 (cf. note 26-A), the author says:

"A sheriff is entitled to compensation for levying and returning an execution; but the rule is not applicable unless the sheriff has made an actual levy on property belonging to defendant, and, according to some authorities, unless the levy made was valid." See, also, section 1169 (cf. note 40) and cases thereunder.

Although the decisions are by no means harmonious the rule seems to be that if a valid and subsisting levy is made, the allowance of the constable's fees depends on whether or not the levy was an effective cause in producing payment of the judgment or a settlement. 57 Corp. Jur., tit. "Sheriff and Constable," 1120, &c., § 1176, and notes thereunder. In view of the broad language of the decisions in our state (Sturges v. Lackawanna, supra; Daly v. Ely supra), and the fact that the garnishment was the inducing and effective cause which impelled the defendant to seek adjustment and ultimate settlement, the court is inclined to allow the constable's fee.

Further, the respondent is estopped to deny the dollarage fee. His letters and conversations indicate that he at all times recognized and admitted that the fee was due and owing to the petitioner. In view of his office, his present position is untenable. 6 Corp. Jur., tit. "Attorney and Client," 568, § 10; In re Young, 75 N. J. L. 83; 67 Atl. Rep. 717.

The amount of the judgment plus costs was $513.51. $29.01 was allowed the defendant in settlement. The constable's fee is $24.22 which is five per cent. of $484.50.

The rule will be made absolute and an order will be entered to that effect.